**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MOEN INCORPORATED, A DELAWARE CORPORATION,** | |
| **Plaintiff,** | **Case No. 1:25-cv-00095-BMB** |
| **v.** | |
| **INSINKERATOR LLC, A DELAWARE LIMITED LIABILITY COMPANY,** | **JUDGE BRIDGET MEEHAN BRENNAN** |
| **Defendant.** | |
| **INSINKERATOR LLC, A DELAWARE LIMITED LIABILITY COMPANY,** | |
| **Counter-Claimant,** | |
| **v.** | |
| **MOEN INCORPORATED, A DELAWARE CORPORATION,** | |
| **Counter-Defendant.** | |

## JOINT REQUEST TO STAY PROCEEDINGS

Plaintiff and Counter-Defendant Moen Incorporated ("Moen") and Defendant and Counter-Claimant InSinkErator LLC ("InSinkErator"), through their respective counsel, seek to stay proceedings following the filing of Moen's response to InSinkErator's counterclaims until a ruling on InSinkErator's Motion to Dismiss (Dkt. 11).[1]  This request is made in good faith and is not for the purposes of undue delay or prejudice.

In support of their request, Moen and InSinkErator state as follows:

---

[1]Should Moen file a motion to dismiss InSinkErator's counterclaims, the Parties request that the stay be implemented following any briefing related thereto and through any ruling on that motion.

1.      On January 17, 2025, Moen filed its Complaint for a declaratory judgment of no false advertising and for slander and violation of the Ohio Deceptive Trade Practices Act. Dkt. 1. The declaratory claim concerns the truthfulness of Moen's horsepower advertising pertaining to certain Moen garbage disposals. Compl. ¶¶ 1, 19. Moen's state-law claims are premised on "ISE's false statements to Moen resellers and suppliers that Moen is providing private label garbage disposals for a leading plumbing supply company." *Id.* ¶ 1.

2.      On August 8, 2025, InSinkErator filed an unopposed motion for an extension of time to answer or otherwise respond to Moen's Complaint given the recent replacement of InSinkErator's counsel and replacement counsel's scheduling conflicts related to a separate matter. Dkt. 7. The Court granted the motion on August 11, 2025, extending InSinkErator's deadline to answer or otherwise respond to the Complaint to October 14, 2025.

3.      On October 14, 2025, InSinkErator filed a motion to dismiss Moen's Complaint in its entirety. Dkt. 11.

4.      Moen filed its opposition to InSinkErator's Motion to Dismiss on November 13, 2025. Dkt. 13.

5.      The same day, InSinkErator answered Moen's Complaint and asserted counterclaims for Lanham Act false advertising, violation of the Ohio Deceptive Trade Practices Act, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. Dkt. 14.

6.      The deadline for InSinkErator's reply in support of its Motion to Dismiss is November 28, 2025. InSinkErator intends to file its reply on or before that date.

7.      A hearing on the Motion to Dismiss has not been set.

8.     The deadline for Moen to answer or otherwise respond to InSinkErator's counterclaims is December 4, 2025.[2]

9.     "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (U.S. 1936). A court's discretionary power to stay proceedings is well-recognized. *Clark v. Pizza Baker, Inc.*, No. 2:18-CV-157, 2018 WL 2119309, at *2 (S.D. Ohio May 8, 2018).

10.     Staying proceedings will preserve the Parties' and the Court's resources.

11.     Absent a stay, the Parties expect the Court to schedule a case management conference and for discovery to commence.

12.     Due to the nature of Moen's claims and InSinkErator's counterclaims, the scope of discovery will be expansive. The Parties have asserted claims and counterclaims bearing on horsepower claims and substantiation, investigation into which will cover not only marketing, promotion, and sales topics, but also technical testing procedures and results. The Parties also foresee considerable expert discovery, as well as third-party discovery. Moen has also asserted state-law claims related to alleged statements that InSinkErator representatives made to Moen resellers at a November 2024 tradeshow, further expanding the scope of potential discovery.

13.     The Parties believe that it is impractical to go through the time and expense of discovery prior to a ruling on its Motion to Dismiss. A ruling on the Motion to Dismiss may eliminate, or at a minimum narrow, the scope of discovery in this case. For example, InSinkErator has asserted that there is no supplemental jurisdiction over Moen's state-law claims under 28 U.S.C. § 1367(a) because those claims do not arise out of the same common nucleus of operative

_____
[2] Moen intends to seek an extension of its deadline to answer or otherwise respond to InSinkErator's counterclaims. InSinkErator does not oppose that request.

fact as Moen's federal claim. Mot. to Dismiss at 7. InSinkErator contends that discovery for the state-law and federal claims will concern different topics and will rely on different proof. Because InSinkErator contends that Moen's federal claim can be resolved without reference to Moen's state-law claim and vice versa, *Vogel v. Ne. Ohio Media Grp. LLC*, 2017 WL 3157920, at *2 (N.D. Ohio July 25, 2017), there is good cause to defer discovery until after this Court determines whether it has jurisdiction over those claims.

For the foregoing reasons, the Parties respectively request that this Court stay proceedings following the filing of Moen's response to InSinkErator's counterclaims until a ruling on InSinkErator's Motion to Dismiss (Dkt. 11). Should Moen file a motion to dismiss InSinkErator's counterclaims, the Parties request that the stay be implemented following any briefing related thereto and through any ruling on that motion.

Dated: November 26, 2025

*/s/ John R. Mitchell*
John R. Mitchell (#0066759)
TAFT, STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH  44114
Phone: (216) 41-2838
Fax: (216) 241-3707
jmitchell@taftlaw.com

Kalpana Srinivasan (*pro hac vice*)
Michael Gervais (*pro hac vice*)
Anna (Coll) Gorn (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Phone: (310) 789-3100
Fax: (310) 789-3150
ksrinivasan@susmangodfrey.com
mgervais@susmangodfrey.com
agorn@susmangodfrey.com

*/s/ John S. Cipolla*
John S. Cipolla (#0043614)
CALFEE, HALTER & GRISWOLD
1405 East Sixth Street
Cleveland, OH 44114
Phone: 216-622-8200
Fax: 216-241-0816
jcipolla@calfee.com

Thomas L. Holt
(to be admitted *pro hac vice*)
Jeremy L. Buxbaum
(to be admitted pro hac vice)
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
Phone: (312) 324-8400
Fax: (312) 324-9400

Joseph Grinstein (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666
jgrinstein@susmangodfrey.com

*Attorneys for Defendant InSinkErator LLC*

THolt@perkinscoie.com
JBuxbaum@perkinscoie.com

*Attorneys for Plaintiff Moen Incorporated*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 26 day of November 2025.


*/s/ John R. Mitchell*
John R. Mitchell (0066759)

*Attorney for Defendant InSinkErator LLC*